The **UNITED STATES CASUALTY COMPANY**, a body corporate, Appellant,

v.

The **CONCORDIA LUTHERAN EVANGELICAL CHURCH**, a body corporate, Appellee.

No. 1747.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 6, 1956.

Decided Feb. 23, 1956.

Frank J. Martell, Washington, D. C., with whom Richard W. Galiher and William E. Stewart, Jr., Washington, D. C., were on the brief, for appellant.

588

Earl H. Davis, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and Hood and QUINN, Associate Judges.

HOOD, Associate Judge.

This case was here on a previous appeal and the facts are stated in our opinion on that appeal. See Concordia Lutheran Evangelical Church v. United States Casualty Co., D.C.Mun.App., 115 A.2d 307.[1] In our previous opinion we ruled that the loss suffered by the church was covered by the policy of insurance, and reversed the judgment that had been directed in favor of the insurance company. Upon receipt of our mandate the trial court granted judgment for the church against the insurance company for $500, the limit of its liability, which was less than the loss suffered by the church. On this appeal the insurance company says it was error to grant judgment on the mandate and that the proper procedure was to order a new trial.

The position of the insurance company is correct if there remained any issue of fact to be decided. The defense of the insurance company was that the loss was not within the coverage of the policy. That was its contention on the previous appeal, and in its brief on that appeal it stated that the facts were not in dispute. Although we ruled that the loss was within the coverage, the insurance company now contends that the church has never proven the amount of its loss. This contention is based on the fact that we ruled that the loss occurred when the robbery took place, and the insurance company argues that its liability is limited to the actual value of the signed but otherwise blank checks at the time they were taken from the church.

This argument misconceives our previous opinion. Although we did say that the loss occurred when the checks were taken from the church, we also said that the subject-matter of a theft is no less a loss because not converted into money until after the thief has made his escape, and that the extent of the loss was fixed when the signed checks were completed and successfully negotiated by the thief. And this we said in answer to the insurance company's contention on the former appeal that the only loss sustained from within the premises consisted of incompleted checks having no value. The present appeal is no more than a reargument of a point made on the previous appeal.

All questions of law having been determined on the previous appeal and there being no dispute as to the facts, the trial court properly entered judgment on our mandate.

Affirmed.

---

1. Allowance of an appeal from our decision was denied by the United States Court of Appeals, D.C.Cir., No. 12771, August 18, 1955.